**BROWN KWON & LAM LLP**
William Brown, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5825
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TASHI SHERPA,** <br> *on behalf of herself and others similarly situated*, <br><br> **Plaintiff,** <br><br> **- against -** <br><br> **RAHMAN FOOD USA INC., SAGAR CHINESE, INC., SAGAR RESTAURANT INC., d/b/a SAGAR CHINESE, SHAMIUR RAHMAN, RUKSHANA AKTER, MIRON AHMED SIDDIQUE, and JABER DOE,** <br><br> **Defendants.** | **No:** <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff TASHI SHERPA ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to other matters, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, RAHMAN FOOD USA INC., SAGAR CHINESE, INC., SAGAR RESTAURANT INC., (collectively, "Corporate Defendants" or "Sager Chinese"), SHAMIUR RAHMAN, MIRON AHMED SIDDIQUE, and JABER DOE (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and alleges as follows:

1

## INTRODUCTION

1.      Plaintiff brings this action on behalf of herself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages due to off the clock work (2) unlawfully retained tips, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff also brings this action on behalf of herself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid regular and overtime wages due to off the clock work (2) misappropriated tips, (3) liquidated damages for the late payment of wages, (4) stautory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3.      Plaintiff further alleges, pursuant to the New York State Human Rights Law, New York State Executive Law, Article 15 §§ 290 *et seq.* ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that she was deprived of her statutory rights as a result of Defendants' discriminatory employment practices on the basis her gender, ethnicity, national origin, and religion, and seeks to recover (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

8.      Plaintiff TASHI SHERPA is an adult who resides in Queens County, New York.

9.      Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

10.     Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

### *Defendants*

11.     The Defendants operate three Sagar Chinese restaurants at the following addresses:

a.   74-19 37th Avenue, Jackson Heights, NY 11372

b.   87-47 Homelawn Street, Jamaica, NY 11432

c.   252-05 Union Turnpike, Bellrose, NY 11426

12.    Corporate Defendant, Rahman Food USA Inc. is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 74-19 37th Avenue, Jackson Heights, New York 11372 and an address for service of process located at 86-22 164th Street, Jamaica, NY 11432.

13.    Corporate Defendant Sagar Chinese, Inc. is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 87-47 Homelawn Street, Jamaica, NY 11432 and an address for service of process located at 84-47 Homelawn Street, Jamaica Hills, NY 11432.

14.    Corporate Defendant Sagar Restaurant, Inc. is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located and an address for service of process located at 252-05 Union Tpke, Bellerose, NY 11426.

15.    At all relevant times, the Corporate Defendants have done business as "Sagar Chinese."

16.    At all relevant times, Defendants operated Sagar Chinese through the Corporate Defendants.

17.    At all relevant times, Corporate Defendants had an annual dollar volume of sales in excess of $500,000.

18.    Corporate Defendants are covered "employers" within the meaning of the FLSA and NYLL.

19.    At all relevant times, Corporate Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

20.     Sagar Chinese operates as a single integrated enterprise.  Specifically, each of the Sagar Chinese restaurants are engaged in the same business activities and have a common business purpose, and share common ownership.

21.     The Sagar Chinese restaurants are advertised jointly as a common enterprise on Defendants' website, https://sagarchinese.com/

22.     Each of the Sagar Chinese restaurants have the same menu and supplies.

23.     At all relevant times, Sagar Chinese applied the same employment policies, practices and procedures to all non-exempt employees at the three restaurant locations.

24.     Individual Defendants, SHAMIUR RAHMAN and RUKSHANA AKTER, are owners of Corporate Defendants, and are covered employers within the meaning of the FLSA and NYLL.

25.     Individual Defendants, SHAMIUR RAHMAN and RUKSHANA AKTER were directly involved in managing the operations at Sagar Chinese, and at all relevant times, had authority over personnel or payroll decisions and employment policies, practices and procedures, had the power to hire, fire, promote or discipline Plaintiff and similarly situated employees, and control the terms and conditions of their employment at Sagar Chinese, including their work assignments, work schedules, pay and responsibilities.

26.     At all relevant times, Individual Defendants SHAMIUR RAHMAN and RUKSHANA AKTER hired, fired, promoted, disciplined, supervised, and controlled the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at Sagar Chinese, and had the power to prevent or stop any unlawful practices that harmed Plaintiff and similarly situated employees at Sagar Chinese.

27.     Individual Defendant, MIRON AHMED SIDDIQUE, is the general manager of the Sagar Chinese restaurant located at 74-19 37th Avenue, Jackson Heights, NY 11372.

28.     At all relevant times, Individual Defendant MIRON AHMED SIDDIQUE was a covered employers within the meaning of the FLSA, NYLL, NYSHRL, and NYCHRL.

29.     Throughout the relevant period, Individual Defendant, MIRON AHMED SIDDIQUE was Plaintiff's direct supervisor, and had authority over personnel or payroll decisions and employment policies, practices and procedures, had the power to hire, fire, promote or discipline Plaintiff and similarly situated employees, and control the terms and conditions of their employment at Sagar Chinese, including their work assignments, work schedules, pay and responsibilities.

30.     Individual Defendant JABAR DOE is a manager at the Sagar Chinese restaurant located at 74-19 37th Avenue, Jackson Heights, NY 11372, and was one of Plaintiff's supervisors.

31.     During the relevant period, Defendant JABAR DOE subjected Plaintiff to a hostile work environment.

32.     At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

33.     At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

34.     At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

35.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of herself and all similarly situated current and former non-exempt tipped employees employed by Defendants, from the date that is three (3) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

36.     At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek. Further, Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep a portion of tips that Plaintiff and FLSA Collective Members earned from customers. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

37.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

38.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

39.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

40.     Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of herself and a class of persons consisting of all current and former non-exempt tipped employees employed by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

41.     Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

42.     The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

43.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

44.     Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

45.     Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay minimum and overtime wages, (ii) unlawfully keeping or allowing managerial or supervisory employees to keep a portion of tips, (iii) failing to provide proper wage notices, and (vi) failing to provide proper wage statements, in violation of the NYLL.

46.     Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

47.     Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

48.     Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

49.     Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

50.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

51.    On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

53.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

54.    Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

a.    Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b.    Whether Defendants paid Plaintiff and Class Member for all hours worked;

c.    Whether Defendants paid Plaintiff and Class Members at the lawful minimum wage rate;

d.    Whether Defendants paid Plaintiff and Class Members all due overtime premiums under the NYLL;

e.    Whether Defendants kept accurate records of the amounts of tips earned by Plaintiff and Class Members;

f.    Whether Defendants subjected Plaintiff and Class Members to an invalid tip pooling arrangement;

g.    Whether Defendants misappropriated tips from Plaintiff and Class Members by keeping or distributing a portion of the tips to employees who are not entitled to receive tips under the NYLL;

h.    Whether Defendants failed to timely pay Plaintiff and Class Members at least weekly;

i.    Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, at hire and before a pay change, as required by the NYLL; and

j.    Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

Wage and Hour Allegations

55.    Plaintiff has been employed by Defendants as a server at the Sagar Chinese restaurant located at 74-19 37th Avenue, Jackson Heights, NY 11372 from on or around September 14, 2018 through on or around March 20, 2023.

56.     Based on Plaintiff's observations and conversations with her co-workers, Defendants applied the same pay policies and practices at all tipped employees at Sagar Chinese.

57.     When Plaintiff first started working for Defendants she was paid entirely in cash. Starting in or around February 2019, Defendants began paying Plaintiff by check.   When Plaintiff first started working for Defendants, she was paid an hourly rate of $4.00.  In 2019, Plaintiff's pay was increased to $5.00 per hour.  Starting in or around June 2020, Plaintiff started receiving paystubs which indicated that her payrate was $15.00 per hour.

58.     During the relevant period, the restaurant opened at 12:00 p.m. and closed between 10:00 p.m. and 11:00 p.m.

59.     Plaintiff regularly worked five to six days per week.  Plaintiff would either work a full day shift or a half day shift. Full day shifts started at 12:00 p.m. and continued until around 11:00 p.m. to 12:00 a.m.  Half day shifts generally started at 5:00 p.m. and continued until around 11:00 p.m. to 12:00 a.m.  On a typical week, Plaintiff worked between 50 and 60 hours per week.

60.     Plaintiff's, as well as other server's schedules, were listed on charts that were provided to employees each week.  Furthermore, Plaintiff was required to clock in at the beginning of her shift and clock out at the end of her shift.   However, Defendants failed to pay Plaintiff based on her actual hours worked.

61.     Throughout her employment, despite Plaintiff working well over forty hours per week, Plaintiff was only paid for around 20-22 hours of work each week.

62.     Based on her observations and conversations with her co-workers, FLSA Collective Members and Class Members were similarly only paid for a fraction of the hours they worked.

63.     At all relevant times, Defendants required Plaintiff, FLSA Collective Members and Class Members to share their tips with members of Sagar Chinese's management team through a

tip pooling system.  Specifically, the general manager, Miron Ahmed Siddique, would take an equal share of the tip pool despite him not directly serving customers.

64.    As a result of Defendants' invalid tip policies and practices, Plaintiff and other tipped employees at Sagar Chinese were not paid the full and proper tip amounts every week.

65.    Throughout her employment with Defendants, Plaintiff, FLSA Collective Members and Class Members' job duties included, delivering, food, drinks, utensils, plates, and other materials to and from tables, cleaning the bathrooms, cleaning the bar area, sweeping and mopping the floors, wiping down the tables, setting up tables, and moving supplies to and from the kitchen, among other similar duties.  Plaintiff's duties involved extensive manual labor, and were non-clerical in nature.

66.    Throughout Plaintiff's employment with Defendants, Plaintiff was told that she would be paid on a bi-weekly, rather than a weekly basis.  Moreover, Defendants were late in paying employees their wages, in many cases, Plaintiff and Class Members would have to wait more than a month before receiving their pay.

67.    Throughout her employment with Defendants, Plaintiff did not receive proper notices of pay rate or pay day from Defendants at hire or before the changes in pay, as required under the NYLL.

68.    Throughout her employment with Defendants, Plaintiff did not receive proper wage statements from Defendants. Specifically, Defendants' wage statements that were provided to Plaintiff were inaccurate as they did not accurately reflect Plaintiff's actual hours worked. Furthermore, prior to around June 2020, Plaintiff did not receive any paystubs.

69.     Based on Plaintiff's observations and conversations with co-workers at Sagar Chinese, Defendants failed to track daily tips earned by Plaintiff, FLSA Collective Members and Class Members, and failed to keep accurate records thereof.

70.     Based on Plaintiff's observations and conversations with co-workers at Sagar Chinese, Defendants kept and/or allowed managers and supervisors to keep a portion of the tips that Plaintiff and Class Members earned from customers.

71.     Based on Plaintiff's observations and conversations with co-workers at Sagar Chinese, Defendants failed to provide proper wage notices to Plaintiff and Class Members.

72.     Based on Plaintiff's observations and conversations with co-workers at Sagar Chinese, Defendants failed to provide proper wage statements to Plaintiff and Class Members.

73.     Defendants knowingly and willfully operated their business with a policy of failing overtime premiums to Plaintiff, tipped FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

74.     Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff and Class Members, in violation of the NYLL.

75.     Defendants knowingly and willfully operated their business with a policy of keeping a portion of the tips that Plaintiff, tipped FLSA Collective Members and Class Members earned from customers and/or distributing a portion of the tips to managers, supervisors and other employees who are not entitled to receive tips under the FLSA and NYLL.

<u>Discrimination/Hostile Work Environment Claims</u>

76.     Plaintiff is a Nepali, Buddhist, woman.  Throughout her employment with Sagar Chinese, Claimant endured frequent acts of discrimination on the basis of her gender, religion and national origin.

77.     The owners and managers of Sagar Chinese are all Bangladeshi and Muslim.

78.     Throughout her employment at Sagar Chinese, Defendants have maintained a two-tiered system in which the favored group, of Bangladeshis, are treated far better than non-Bangladeshi's, mostly made up of Nepali and Bhutanese employees.

79.     For example, Bangladeshi employees are often given promotions at the expense of non-Bangladeshi employees.  Furthermore, non-Bangladeshi employees are subject to harsher and more frequent discipline than their Bangladeshi counterparts.  For instance, Bangladeshi employees, such as Shakhil, are permitted to come in late, while non-Bangladeshi employees, such as Plaintiff are reprimanded if they arrive late/takes breaks/leave early etc.

80.     Defendants further subjected Plaintiff to a hostile work environment on the basis of her religion.  As part of her Buddhist faith and national origin, Plaintiff does not eat beef or pork.  However, during family meals, Defendants would often sneak beef into her food in order to trick her into eating it.

81.     Throughout much of her employment, Plaintiff was further subjected to a sexually hostile work environment, primarily by manager Jabar.  Jabar would frequently call Plaintiff a prostitute, would comment on the size and shape of Plaintiff's body in a sexually suggestive manner, and would curse and call her names such as "bitch"  and "street beggar" as well as other insults in Bengali on a near daily basis.

82.     Jabar also harassed other female employees in the restaurant.  When one of Plaintiff's female co-workers, named Tenzin, complained to Seddique, he responded that if anyone complained to him again that he would fire them.

83.     In late 2022, Jabar approached Plaintiff in the kitchen while she was wiping down plates, and told her that one day he would put her in his car, drive somewhere isolated, rape her and leave her body where no one would find it.

84.     About a month later, Plaintiff reported this comment to Seddique.  Not only did Defendants fail to investigate or address Plaintiff's complaint, but Seddique responded by taking Plaintiff off the schedule as retaliation.  Plaintiff was so upset by Defendants' actions she could not return to work. Plaintiff was therefore constructively terminated as a result of her statutorily protected complaints.

85.     Defendants retaliated against Plaintiff in direct response to her complaints regarding Jabar's outrageous and disturbing conduct.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### *Violation of the Fair Labor Standards Act*

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

88.     Defendant failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

89.     Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep a portion of tips that Plaintiff and tipped FLSA Collective Members earned from customers in violation of subsection 203(m) of the FLSA. See, 29 C.F.R. § 531.52.

90.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

91.     Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful minimum wage for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

92.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

93.     As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages and tips in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

94.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

### SECOND CAUSE OF ACTION
### *Violations of the New York Labor Law*

95.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

17

96.     At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

97.     Defendants failed to pay Plaintiff and Class Members all regular and overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

98.     Defendants failed to pay Plaintiff and Class Members the minimum wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

99.     Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and the Class the full minimum wage at a rate of (a) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; and (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (d) $11.00 per hour for all hours worked from December 31, 2016 through December 30, 2017; (e) $13.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; and (f) $15.00 per hour for all hours worked from December 31, 2018 through the present.

100.    Defendants unlawfully retained and/or allowed managerial or supervisory employees to keep a part of the gratuities received by Plaintiff and Class Members in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

101.    Pursuant to the NYLL, § 191(a)(i), and the supporting New York State Department of Labor Regulations, manual workers shall be paid weekly and not later than seven calendar days after the end of the week in which wages are earned.

102.    Plaintiff and Class Members spent well over 25% of their working time engaged in physical labor, and were at all times "manual workers," as defined by the NYLL.

103.    At all relevant times Defendants failed to pay Plaintiff and Class Members on a weekly basis.

104.    Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

105.    Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

106.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of the amounts of tips earned by Plaintiff and Class Members as required by the NYLL and the supporting New York State Department of Labor Regulations.

107.    Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

108.    As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid minimum wage, misappropriated tips, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

### THIRD CAUSE OF ACTION
### Employment Discrimination in Violation of the NYSHRL and NYCHRL

109.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

110.    The NYSHRL and NYCHRL prohibit an employer from discriminating against an employee on the basis of sex, religion, ethnicity, and/or national origin.

111.    Throughout her employment, Defendants subjected Plaintiff to a hostile work environment on the basis of her being a member of a protected class, namely a Buddhist female of Nepali national origin.

112.    Defendants further discriminated against Plaintiff based on her sex, religion, and national origin due to their preferential treatment of members of preferred groups, namely male, Muslim, Bangladeshi employees.

113.    As such, Respondents have violated the NYSHRL and NYCHRL.

114.    As a direct and proximate consequence of Defendants' discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress, all in amounts to be determined at the hearing of this action.

### FOURTH CAUSE OF ACTION
### Retaliation in Violation of the NYSHRL and NYCHRL

115.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

116.    The NYSHRL and NYCHRL prohibits an employer from retaliating against an employee for engaging in protected activity under the NYSHRL and NYCHRL.

117.    Plaintiff engaged in a protected activity under the NYSHRL and NYCHRL when she complained about being subjected to a hostile work environment.

118.    Defendants retaliated against Claimant by taking her off the schedule.

119.    As such, Defendants have violated the NYSHRL and NYCHRL.

120.    As a direct and proximate consequence of Defendants' retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at the hearing of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a.    Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.    Certification of this case as a class action pursuant to Rule 23;

c.    Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d.  An award of unpaid overtime wages due under the FLSA and NYLL;

e.  An award of unpaid minimum wage due under the NYLL;

f.  An award of unlawfully retained tips due under the FLSA and NYLL;

g.  An award of improper meal credit deductions under the NYLL;

h.  An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and misappropriated tips, pursuant to the FLSA or NYLL;

i.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

j.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

k.  An award of compensatory damages for Defendants' violations of the NYSHRL and NYCHRL;

l.  An award of punitive damages for Defendants' violations of the NYSHRL and NYCHRL;

m.  Pre-judgment and post-judgment interest;

n.  Reasonable attorneys' fees and costs of this action;

o.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

p.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

q.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  June 20, 2023                  Respectfully submitted,

                                       **BROWN, KWON & LAM LLP**

                  By:     */s/ William Brown*

                          William Brown, Esq. (WB2108)
                          521 Fifth Avenue, 17th Floor
                          New York, NY 10175
                          Tel.: (718) 971-0326
                          Fax: (718) 795-1642
                          wbrown@bkllawyers.com
                          *Attorneys for Plaintiff*

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, TASHI SHERPA hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against RAHMAN FOOD USA INC. SAGAR CHINESE, INC., SAGAR RESTAURANT INC, SHAMIUR RAHMAN, RAKSHANA AKTER, MIRON AHMED SIDDIQUE and JABE DOE and/or related entities and individuals to recover unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

DocuSigned by:

7DED58C4B5B74A8...

Name: TASHI SHERPA

Date: 5/27/2023